**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4976**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

PATRICK CRITES,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:12-cr-00038-JPB-JSK-1)

─────────────

Submitted:  April 7, 2014         Decided:  April 15, 2014

─────────────

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.   William J. Ihlenfeld, II, United States Attorney, Wheeling, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Crites pleaded guilty to transmitting a threat to injure the person of another in interstate commerce, in violation of 18 U.S.C. § 875(a). The district court sentenced Crites to ten months' imprisonment, and he now appeals. Finding no error, we affirm.

On appeal, Crites argues that the district court erred in applying an enhancement under the Guidelines for an official victim. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

The Guidelines provide that a district court shall apply a six-level increase in offense level when the victim of the offense is a government officer or employee, the offense was motivated by the victim's status as an officer or employee of the government, and the base offense level is derived from Chapter Two, Part A of the Guidelines. U.S. Sentencing Guidelines Manual ("USSG") § 3A1.2(a), (b) (2013). The

2

commentary to that section provides that the "[G]uideline applies when specified individuals are victims of the offense . . . [and] does not apply when the only victim is an organization, agency, or the government." USSG § 3A1.2 App. n.1. Because Crites threatened government employees rather than the government in general, we conclude that the district court did not err in applying the enhancement for an official victim under the Guidelines. See, e.g., United States v. Polk, 118 F.3d 286, 297-98 (5th Cir. 1997).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

AFFIRMED